### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| JOHN S. KARLS, | |
| **Plaintiff,** | REPORT AND RECOMMENDATION |
| v. | |
| PRUDENTIAL REAL ESTATE AFFILIATES, INC.; PRUDENTIAL UTAH REAL ESTATE I; DAN COLFACK; BRUCE R. TUCKER; ALAN JONES aka KENNETH ALAN JONES; MELANIE JONES; UNION TITLE INSURANCE AGENCY, L.L.C.; and DANIEL J. MCDONALD, | Case No. 2:07cv325 District Judge Dee Benson Magistrate Judge Paul M. Warner |
| **Defendants.** | |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court are (1) Prudential Real Estate Affiliates, Inc.; Prudential Utah Real Estate I; Dan Colfack; Bruce R. Tucker; Alan Jones; Melanie Jones; Union Title Insurance Agency, L.L.C.; and Daniel J. McDonald's (collectively, "Defendants") motion to dismiss pro se plaintiff John S. Karls's ("Plaintiff") complaint for lack of jurisdiction,[1] (2) Defendants' second motion to dismiss the amended complaint for lack of jurisdiction,[2] (3) Defendants' alternative motion to dismiss the amended complaint for failure to

---

[1] *See* docket no. 4.

[2] *See* docket no. 10.

state a claim,[3] and (4) Plaintiff's motion for leave to amend the amended complaint.[4]  The court

has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of

the United States District Court for the District of Utah Rules of Practice, the court elects to

determine the motions on the basis of the written memoranda and finds that oral argument would

not be helpful or necessary.  *See* DUCivR 7-1(f).

## I.  BACKGROUND

As an initial matter, the court notes that Plaintiff is proceeding pro se.[5]  As such, the court

will construe his pleadings liberally.  *See Ledbetter*, 318 F.3d at 1187.

On May 18, 2007, Plaintiff, a licensed real estate agent, filed a complaint (the

"Complaint") against Defendants, which set forth state law claims for conversion, trespass,

tortious interference, and "[d]efamation (and [s]uborning [p]erjury)."  In the Complaint, Plaintiff

asserted that jurisdiction was based on diversity.  In response, on June 7, 2007, Defendants filed

a motion to dismiss pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of

subject matter jurisdiction.  In the motion, Defendants asserted that complete diversity does not

---

[3] *See* docket no. 19.

[4] *See* docket no. 12.

[5] The court notes, however, that Plaintiff, in his correspondence with opposing counsel, claims to be a 1967 Harvard Law School graduate; that he is among "Who's Who in American Law"; that he was "Senior Tax counsel for Texaco, Inc., from 1974-1987"; and that he worked as "Ernst & Young International's chief international tax partner."  However, based on the nature of Plaintiff's pleadings, the court will treat Plaintiff as it would any pro se litigant.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

exist in this case because Plaintiff and all but one of the Defendants are citizens of Utah.  *See* 28

U.S.C. § 1332.

Four days later, Plaintiff filed an amended complaint (the "Amended Complaint") in

which he asserted both diversity and federal question jurisdiction.  In the Amended Complaint,

Plaintiff alleged that he was deprived of due process in violation of the Fifth Amendment of the

United States Constitution after Defendants filed a complaint against him with the state agency

that regulates real estate agents, the Utah Division of Real Estate (the "DRE").  Essentially,

Plaintiff alleges that Defendants filed a false complaint (the "DRE Complaint") with the DRE

based upon a false affidavit of Defendants' former client.  According to Plaintiff, as a result of

the false DRE Complaint, he was denied his

> property right in his real estate license "without due process of law" in violation
> of the Fifth Amendment to the United States Constitution because, inter alia, (A)
> the [DRE] refused to provide a copy of Defendants' [c]omplaint to the Plaintiff
> (herein) John S. Karls at their August 7, 2007 hearing and, despite the admission
> of the Utah Assistant Attorney General representing the [DRE] that a copy of the
> Defendant's [c]omplaint had to be provided, continued to "stone wall" for more
> than four months following the hearing, and (B) upon the Plaintiff (herein) John
> S. Karls' informing the [DRE] immediately after finally receiving a copy of the
> Defendants' [c]omplaint that, based upon readily-available public sources, it
> could be verified that the Defendant's [c]omplaint was based, at best, on suborned
> perjury, the [DRE] engaged in an unconscionable delay in dismissing Defendants'
> [c]omplaint.

On June 25, 2007, Defendants filed a motion to dismiss the Amended Complaint.  In

response, Plaintiff filed a motion for leave to amend the Amended Complaint.  While the court

has not ruled on that motion, it appears that this proposed amended complaint (the "Proposed

Second Amended Complaint") was placed in the court docket by the clerk's office.[6]  In the

Proposed Second Amended Complaint, Plaintiff alleges that Defendants likewise violated his

due process rights under the Fourteenth Amendment.

On July 27, 2007, Defendants filed a third motion to dismiss the Amended Complaint

pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, as an alternative to their

motion to dismiss under rule 12(b)(1).

## II.  DISCUSSION

### A.     Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction

Defendants filed a motion to dismiss the Complaint for lack of subject matter

jurisdiction.  In response, Plaintiff filed the Amended Complaint replacing the Complaint, which

he may do "once as a matter of course."  Fed. R. Civ. P. 15(a).  Accordingly, **IT IS HEREBY**

**RECOMMENDED** that the Defendants' motion to dismiss the original Complaint be rendered

**MOOT**.

### B.     Defendants' motion to dismiss the Amended Complaint for lack of subject matter jurisdiction

Defendants filed a motion to dismiss the Amended Complaint contending for the second

time that the court lacks subject matter jurisdiction.  Specifically, Defendants assert that (1)

diversity jurisdiction does not exist because Plaintiff and all but one of the Defendants are

citizens of Utah and (2) this court lacks federal question jurisdiction because Plaintiff failed to

name a government actor as a Defendant.  While Plaintiff states in his Amended Complaint that

_____

[6] *See* docket no. 14.

4

subject matter jurisdiction exists based upon diversity (as well as federal question), he does not appear to contest Defendants' assertion that diversity jurisdiction is lacking.  Accordingly, the court will address only the issue of federal question jurisdiction.

Federal question jurisdiction is conferred on the district courts by 28 U.S.C. § 1331.  *See* 28 U.S.C. 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  In *Bell v. Hood*, the Supreme Court explained that "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions[,] . . . must entertain the suit."  327 U.S. 678, 681-82, (1946).  The two exceptions established by the Court are cases "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."  *Id.* at 682-83.

Defendants assert that Plaintiff's Fifth Amendment due process claim can be dismissed under either exception.  More specifically, Defendants contend that the procedural facts of this case illustrate that Plaintiff's sole reason for asserting a due process claim under the Fifth Amendment was to obtain jurisdiction in this court.  Defendants explain that Plaintiff's original Complaint set forth diversity of citizenship of the parties as the only basis for subject matter jurisdiction.  Because complete diversity does not exist, however, Defendants moved the court to dismiss the Complaint.  In response, Plaintiff filed the Amended Complaint which alleged the same facts as the Complaint but included a cause of action under the Fifth Amendment.  Thus,

Defendants conclude, Plaintiff's sole purpose for amending the Complaint was to establish jurisdiction in this court.

The court acknowledges that it appears Plaintiff asserted his Fifth Amendment due process claim "solely for the purpose of obtaining jurisdiction" in this court. *Id.* Nonetheless, based on the unsophisticated nature of Plaintiff's pleadings and his pro se status, the court will give Plaintiff the benefit of the doubt and conclude that this first exception does not apply.

Turning to the second exception, the court is likewise unable to conclude that this "claim is wholly insubstantial and frivolous" for purposes of federal question jurisdiction. *Id.* Defendants assert that Plaintiff's claim is insubstantial and frivolous because Plaintiff fails to name a government actor as a defendant and, as a result, the court does not have the power to decide the merits of Plaintiff's case.

Failure to name a government actor as a defendant does not, however, necessarily establish Plaintiff's claim as insubstantial and frivolous for the purposes of subject matter jurisdiction. Specifically, the Supreme Court has held that

> [j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.

*Id.* at 682. The Court has also observed that "[d]ismissal for lack of subject matter jurisdiction because of the inadequacy of [a] federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89

(1998) (quotations and citation omitted).  Likewise, the Tenth Circuit has cautioned district courts to "be aware of the sometimes fine distinction between a federal claim not wholly insubstantial and frivolous for jurisdictional purposes, but which nonetheless fails as a matter of law on the merits."  *Coando v. Coastal Oil & Gas Corp.*, 44 Fed. Appx. 389, 394 (10th Cir. 2002).  Accordingly, the court concludes that while this may be a close case, considering Plaintiff's pro se status, *see Ledbetter*, 318 F.3d at 1187, Plaintiff has sufficiently alleged that his Fifth Amendment due process rights were violated at least for purposes of establishing subject matter jurisdiction.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss the Amended Complaint pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure be **DENIED**.

### C.    Defendants' alternative motion to dismiss the Amended Complaint for failure to state a claim

Under rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a rule 12(b)(6) motion, the court examines the sufficiency of the complaint, accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.  *See Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).  "The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Shero v. City of Grove*, No. 06-5222, 2007 WL 4376068, at *3 (10th Cir. Dec. 17, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127

S.Ct. 1955, 1965 (2007)).  "'Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level' . . . . That is, there must be 'enough facts to state a claim to relief that is plausible on its face.'"  *Lynn v. Anderson-Varella*, No. 07-3046, 2007 WL 4230701, at *3 (10th Cir. Nov. 30, 2007) (quoting *Bell Atl. Corp.*, 127 S.Ct. at 1965, 1974).  Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

"These deferential rules, however, do not allow the court to assume that a plaintiff 'can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.'"  *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (quoting *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted)).  "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass [r]ule 12(b)(6) muster."  *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotations and citation omitted)).

Defendants contend that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted because the Due Process Clause of the Fifth Amendment has no application to private actors or to state actors.  Defendants further assert that even assuming the Fifth Amendment applied to state actors, merely filing the DRE complaint does not make Defendants state actors as a matter of law.  The court agrees.

While the Fifth Amendment establishes that "[n]o person shall . . . be deprived of life liberty, or property, without due process of law,"  U.S. Const. amend. V, "[i]t is axiomatic that

the [F]ifth [A]mendment applies to and restricts 'only the Federal Government and not private persons.'"  *Behagen v. Amateur Basketball Ass'n of U.S.*, 884 F.2d 524, 530 (10th Cir. 1989) (quoting *Public Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952)).  Furthermore, "in situations of purely private conduct, the Constitution provides no due process protection, 'no matter how unfair that conduct may be.'"  *Id.* (quoting *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)).  "From the earliest interpretations of this amendment, courts have agreed that the Fifth Amendment protects against actions by the federal government."  *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997).  In the instant case, Plaintiff does not allege, nor could he, that Defendants are federal actors.  In fact, Plaintiff recognizes in his Amended Complaint that Defendants are individuals and private entities.

Rather, Plaintiff asserts that the filing of the DRE Complaint by Defendants constitutes governmental action because there exists a "nexus" or "joint action" between Defendants and the DRE.  *Behagen*, 884 F.2d at 530 (quotations and citations omitted).  "The Supreme Court has approached the concept of governmental action flexibly.  It has pragmatically examined ostensibly private activities to determine if they constitute governmental action."  *Id.* Specifically, the Court asks whether the private party is "performing a 'public function,' or acting under 'state compulsion,' whether there is a 'nexus,' or 'joint action' between the private party and the government."  *Id.* (citations omitted).  For private action to be "fairly attributable to the State," two conditions must be met.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  First, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is

responsible." *Id.*  Second, the private party charged with the deprivation "must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Id.*

Plaintiff essentially contends that the filing of the DRE Complaint against him constitutes governmental action.  More specifically, Plaintiff argues that the "Defendants' cynical use of perjury they suborned in the case at bar to turn the [DRE] into their puppet that then denied [Plaintiff] 'due process' as a consequence of the suborned perjury more than satisfies the . . . test for 'joint action'" under *Lugar*.  Plaintiff's argument fails, however, because the DRE is a state agency and not a federal agency.  So even assuming there was in fact some kind of nexus or joint action between Defendants and the DRE, Plaintiff's Fifth Amendment claim fails as a matter of law.  *See Kitchen*, 156 F.3d at 1028 ("From the earliest interpretations of this amendment, courts have agreed that the Fifth Amendment protects against actions by the federal government.").

Accordingly, the court concludes that the Fifth Amendment has no application to Defendants' alleged actions, and as such, Plaintiff's Fifth Amendment claim cannot survive a motion to dismiss.  Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss the Amended Complaint for failure to state a claim be **GRANTED**.

### D.    Plaintiff's motion for leave to amend the Amended Complaint

Plaintiff seeks leave of court to amend the Amended Complaint to add a cause of action under the Fourteenth Amendment.  While Federal Rule of Civil Procedure 15(a) provides that

leave to amend shall be given freely, *see* Fed. R. Civ. P. 15(a), a court may deny leave to amend where amendment would be futile. *See Bauchman v. West High Sch.*, 132 F.3d 542, 561 (10th Cir. 1997). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Plaintiff's Proposed Second Amended Complaint includes a direct claim under the Fourteenth Amendment. "However, direct actions under the Constitution against state officials are not appropriate. By enacting 42 U.S.C. § 1983, Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." *Bauchman v. West High Sch.*, 900 F. Supp. 254, 263 (D. Utah 1995) (quotations and citation omitted). Accordingly, the court could recommend denial of Plaintiff's motion solely for asserting a direct claim under the Fourteenth Amendment. However, in Plaintiff's memorandum in opposition to Defendants' motion to dismiss for failure to state a claim, Plaintiff states, "Since 42 U.S.C. Sec. 1983 is available in the case at bar and the Plaintiff in the case at bar wants to comply with every requirement for his Complaint[,] . . . Plaintiff is simultaneously with this Memorandum in Opposition filing a Motion for Further Leave to Amend his Complaint to clarify that his Constitutional claim is filed pursuant to 42 U.S.C. Sec. 1983." While Plaintiff never filed said motion, the court will treat the Proposed Second Amended Complaint as if it set forth a cause of action under 42 U.S.C. § 1983.

Nevertheless, the court concludes that allowing Plaintiff to amend his Amended Complaint would be futile. Merely adding a cause of action under 42 U.S.C. § 1983 would not

11

remedy the fatal defect of the Amended Complaint: failure to name a state actor as a defendant or sufficiently allege that Defendants' actions were taken under color of state law.  In the Proposed Second Amended Complaint, Plaintiff fails to set forth any facts supporting the bald assertion that the DRE was Defendants' "puppet."  Plaintiff also fails to allege that there was any kind of concerted action between Defendants and the DRE.  Plaintiff merely alleges that Defendants filed the DRE Complaint based upon a false affidavit of Defendants' former client and that the DRE then took action to deny Plaintiff his "property right in his real estate license 'without due process of law.'"   These allegations are not "enough to raise a right to relief above the speculative level," *Bell Atl. Corp.*, 127 S.Ct. at 1965, nor do they "give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177.

Furthermore, Plaintiff's allegation that by filing the DRE Complaint Defendants were somehow acting under color of state law is not supported by the case law.  The overwhelming weight of authority demonstrates that a private party's mere invocation of state procedures, such as the filing of an administrative complaint, does not, as a matter of law, make Defendants state actors or actors under color of state law.  *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985."); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (holding "that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983"); *Taylor v. Nichols*, 558 F.2d 561, 564 (10th Cir. 1977) (stating that private person who

12

initiates criminal assault prosecution not acting under color of state law); *see also Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 772 (5th Cir. 1982) (holding that police officer's reliance upon information provided by citizens who witnessed shoplifting does not convert informants into state actors for purposes of state action); *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) (holding that private persons who were complainants and witnesses in criminal action not state actors); *Smith v. City of Gretna Police Dept.*, 175 F. Supp. 2d 870, 875 (E.D. La. 2001) ("[The] filing of a criminal complaint is insufficient to transform a private individual into a state actor."); *Davis v. Carson Pirie Scott & Co.*, 530 F. Supp. 799, 801-02 (N.D. Ill. 1982) (holding that the practice of police investigation following private complaints does not make private complainant state actor); *Weisman v. Sherry*, 514 F. Supp. 728, 733-34 (M.D. Pa. 1981) (stating that the filing of private criminal complaint pursuant to state rule of criminal procedure does not make complainant state actor).

As a final note, Plaintiff acknowledges that Defendants were not the "proximate cause" of his injuries.  As Plaintiff stated in the Amended Complaint,

> Although the [DRE] was the "proximate cause" of the Plaintiff . . . being "deprived of . . . property, without due process of law" in violation of the Fifth Amendment of the United States Constitution, the Defendants['] Suborned-Perjury Complaint which precipitated the violation of Plaintiff's Constitutional Rights and the Defendants themselves as a result of filing their Suborned-Perjury Complaint are the ultimate cause of the violation of the Plaintiff's Constitutional Rights."

Plaintiff essentially admits that any alleged constitutional deprivations suffered by Plaintiff were caused by DRE and thus were not caused by Defendants or by any joint action between Defendants and the DRE.

13

Accordingly, the court concludes that allowing Plaintiff to amend the Amended Complaint to include a cause of action under the Fourteenth Amendment and/or 42 U.S.C. § 1983 would be futile, as the Proposed Second Amended Complaint would be subject to dismissal.  Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for leave to amend the Amended Complaint be **DENIED**.

### III.  RECOMMENDATION

Based on the foregoing analysis, **IT IS HEREBY RECOMMENDED**:

1.     Defendants' motion to dismiss the Complaint[7] be rendered **MOOT**;

2.     Defendants' motion to dismiss the Amended Complaint pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure[8] be **DENIED**;

3.     Defendants' motion to dismiss the Amended Complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure[9] be **GRANTED**; and

4.      Plaintiff's motion for leave to amend the Amended Complaint[10] be **DENIED**.

Copies of the foregoing report and recommendation are being sent to the parties who are hereby notified of their right to object.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections to both factual

---

[7] *See* docket no. 4.

[8] *See* docket no. 10.

[9] *See* docket no. 19.

[10] *See* docket no. 12.

and legal conclusions may constitute a waiver of those objections on subsequent appellate

review.

**IT IS SO ORDERED.**

DATED this 10th day of January, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge