IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN S. KARLS,<br><br>            Plaintiff,<br>v.<br><br>PRUDENTIAL REAL ESTATE<br>AFFILIATES, INC.; PRUDENTIAL<br>UTAH REAL ESTATE I; DAN<br>COLFACK; BRUCE R. TUCKER;<br>ALAN JONES aka KENNETH ALAN<br>JONES; MELANIE JONES; UNION<br>TITLE INSURANCE AGENCY, L.L.C.;<br>and DANIEL J. MCDONALD,<br><br>            Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:07cv325<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court are (1) pro se Plaintiff John S. Karls's ("Plaintiff") motion for a hearing[1] regarding Prudential Real Estate Affiliates, Inc.; Prudential Utah Real Estate I; Dan Colfack; Bruce R. Tucker; Alan Jones; Melanie Jones; Union Title Insurance Agency, L.L.C.; and Daniel J. McDonald's (collectively, "Defendants") motion to dismiss the complaint for lack of jurisdiction; (2) Plaintiff's motion for a hearing[2] regarding Defendants' motion to dismiss the amended complaint for lack of jurisdiction; (3) Plaintiff's

---

[1] *See* docket no. 9.

[2] *See* docket no. 16.

motion for a hearing[3] regarding Defendants' alternative motion to dismiss the amended complaint for failure to state a claim; (4) Plaintiff's motion to strike Defendants' reply memorandum in support of their motion to dismiss the amended complaint for lack of jurisdiction;[4] and (5) Plaintiff's motion to strike Defendants' memorandum in opposition to Plaintiff's motion to amend the complaint.[5]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice (the "local rules"), the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

As an initial matter, the court notes that Plaintiff is proceeding pro se.  As such, the court will construe his pleadings liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

### A.     Plaintiff's motions for a hearing

Plaintiff has filed three separate motions requesting that the court hold a hearing on Defendants motions to dismiss.  Local rule 7-1(f) provides that "requests for oral arguments on motions will be granted on good cause shown."  DUCivR 7-1(f).  The court concludes that good

---

[3] *See* docket no. 27.

[4] *See* docket no. 24.

[5] *See* docket no. 22.

cause has not been shown.  Accordingly, Plaintiff's three motions requesting a hearing[6] are

**DENIED**.

### B. Plaintiff's motion to strike Defendants' reply memorandum in support of their motion to dismiss Plaintiff's amended complaint for lack of jurisdiction

Plaintiff asserts that Defendants' reply memorandum was not timely filed pursuant to local rule 7-1(b)(3) and should therefore be stricken.  *See* DUCivR 7-1(b)(3).  Specifically, Plaintiff contends that Defendants' reply memorandum was due July 19, 2007, and that because it was filed on July 27, 2007, it is untimely.

Plaintiff has misinterpreted the rules governing the time limit for filing a reply memorandum.  While local rule 7-1(b)(3) provides that for most motions "[a] reply memorandum may be filed at the discretion of the movant within seven (7) days after service of the memorandum opposing the motion," DUCivR 7-1(b)(3), local rule 7-1(b)(4) provides that "[m]emoranda supporting or opposing *motions to dismiss* . . . shall be filed and served pursuant to the provisions of DUCivR 56-1(b)."  DUCivR. 7-1(b)(4) (emphasis added).  That rule gives the moving party discretion to file a reply memorandum "within ten (10) days after service of the opposing memorandum."  DUCivR 56-1(b).  Under rule 6(a) of the Federal Rules of Civil Procedure, the deadline under the ten-day period of local rule 56-1(b) is to be computed excluding "intermediate Saturdays, Sundays, and legal holidays."  Fed. R. Civ. P. 6(a).

It is undisputed that Plaintiff served his memorandum opposing the motions by mail on July 10, 2007.  Service was complete upon mailing.  *See* Fed. R. Civ. P. 5(b)(2)(C).  In

---

[6] *See* docket nos. 9, 16, and 27.

computing the response period from that date, the following dates are not included: Saturday, July 14; Sunday, July 15; Saturday, July 21; and Sunday, July 22.  This would appear to make Defendants' brief otherwise due on Tuesday, July 24, 2007.  But according to Utah Code Section 63-13-2(1)(a)(vii), July 24 (Pioneer Day) is a legal holiday.  *See* Utah Code Ann. § 63-13-2(1)(a)(vii).  Federal Rule of Civil Procedure 6(a) provides that a "legal holiday" includes "any other day appointed as a holiday . . . by the state in which the district court is held."  Fed. R. Civ. P. 6(a).  It further provides that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday."  Fed. R. Civ. P. 6(a).

Therefore, Defendants' reply memorandum was not otherwise due until Wednesday, July 25, 2007.  Because Plaintiff's preceding memorandum in opposition was served by mail, however, rule 6(e) provides that "3 days are added *after* the prescribed period would otherwise expire under subdivision (a)."  Fed. R. Civ. P. 6(e) (emphasis added); *see* Fed. R. Civ. P. 6 Advisory Committee Notes, 2005 Amendments (explaining that the three days of rule 6(e) are added *after* expiration of the prescribed period).

Accordingly, Defendants' reply memorandum was due Saturday, July 28, 2007.  Because that day was a Saturday, Defendants had until the next business day, Monday, July 30, 2007, to file their reply.  Since Defendants filed their reply on July 27, 2007, it was timely filed.

For the foregoing reasons, Plaintiff's motion to strike Defendants' reply memorandum[7] is **DENIED**.

---

[7] *See* docket no. 24.

### C. Plaintiff's motion to strike Defendants' memorandum in opposition to Plaintiff's motion to amend the complaint

Plaintiff asserts that Defendants' memorandum in opposition was not filed in a timely manner in violation of local rule 7-1(b)(3) and should therefore be stricken. *See* DUCivR 7-1(b)(3). Using the same analysis as above, Defendants' memorandum in opposition was timely filed.

More specifically, Plaintiff's motion for leave to amend was served by mail on July 10, 2007. Under local rule 7-1(b)(3), Defendants had fifteen (15) days to respond. *See* DUCivR 7-1(b)(3). Thus, Defendants' memorandum was due on July 25, 2007. Because Plaintiff served his motion by mail, three (3) days are added to the end of the response period. *See* Fed. R. Civ. P. 6(e). Accordingly, Defendants' memorandum in opposition was due Saturday, July 28, 2007. Because July 28, 2007, was a Saturday, Defendants had until the next business day, Monday, July 30, 2007, to file their memorandum. Since Defendants filed their opposing memorandum on July 27, 2007, it was timely filed and should not be stricken.

For the foregoing reasons, Plaintiff's motion to strike Defendants' memorandum in opposition[8] is **DENIED**.

### D. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's three motions requesting a hearing[9] are **DENIED**;

---

[8] *See* docket no. 22.

[9] *See* docket nos. 9, 16, and 27.

2.	Plaintiff's motion to strike Defendants' reply memorandum[10] is **DENIED**; and

3.	Plaintiff's motion to strike Defendants' memorandum in opposition[11] is **DENIED**.

**IT IS SO ORDERED.**

DATED this 10th day of January, 2008.

                              BY THE COURT:

                              *[signature]*

                              PAUL M. WARNER
                              United States Magistrate Judge

---

[10] *See* docket no. 24.

[11] *See* docket no. 22.